Nott, J.,
delivered the opinion of the court:
In this case the proof shows that the captured property was sold by a quartermaster shortly before the passage of the Abandoned or captured property Act. The officer’s accounts are produced so far as to show the sale, but at that point they stop. They do not show that he paid the money into the Treasury, nor that he expended it for the use of the Government. They merely establish the fact that he officially received 'and debited himself with the money. In previous cases, where the *330 fund has been held to have been constructively paid into the Treasury, it has appeared that it was lawfully expended in the service of the Government. — Hudnal's Case, (3 C. Cls. R., p. 291.) We are of the opinion that the existence of the money in the Treasury actually or constructively is a jurisdictional fact forming the very basis of the suit, and that it cannot be left to inference or presumption. In cases where the captured property has been traced to a responsible officer of the Government, whose duty would have been to transmit it, and a fund has been shown to be in the Treasury which may have been derived in whole or in part from the capture, there the Supreme Court has held that a legal presumption does arise which connects two established facts, viz, the fact of capture, and the fact of a fund derived from captures. — Crussell's Case, (7 C. Cls. R., p. 276.) And this court had previously held the same.— Ake Henry’s Case, (6 id., p. 389.) Beyond this we do not feel warranted in carrying the rule of legal presumption.
The case will be remanded to the trial docket for further evidence as to the disposition of the fund derived from the sale of the captured property.